NEW YORK OFFICE
100 wall street
twentieth floor
new york, new york 10005-3708
TEL 212 431 8700  FAX 212 334 1278

OTHER OFFICES
seattle, washington
portland, oregon
washington, d.c.
beijing, china
GSBLAW.COM

**GARVEY SCHUBERT BARER**

A PROFESSIONAL SERVICE CORPORATION

*Please reply to* KARA STEGER
ksteger@gsblaw.com
TEL EXT 4536

May 2, 2019

**VIA ECF & FACSIMILE (914) 390-4179**

Hon. Nelson S. Roman
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

    Re:    Strike 3 Holdings, LLC v. JOHN DOE subscriber IP address 24.186.178.9
           Case No.: 19-cv-02621-NSR

Dear Judge Roman:

    We are counsel for Defendant, JOHN DOE, subscriber assigned IP address 24.186.178.9 ("Defendant"), in the above referenced action. On or about April 9, 2019, this Court granted plaintiff, Strike 3 Holdings, LLC ("Plaintiff") leave to file a third-party subpoena seeking to identify the name and address associated with IP address 24.186.178.9.

    Strike 3 Holdings, LLC, the Plaintiff herein, is a producer of pornography. It has filed hundreds, if not thousands, of identical suits in district courts in the past. A number of these suits are evidenced in the docket attached here as **Exhibit A** and in the article attached here as **Exhibit B.** While Defendant recognizes that this court and other district courts have granted Plaintiff leave to file third-party subpoenas in many of these cases, courts have also recognized in such cases the substantial concerns related to Defendant's privacy, given the nature of the material at issue and the risks that could arise from the false identification of Defendant's ISP. *Malibu Media,* 2012 WL 3104887 at *3 (noting the risks of a "false positive" identification and the resulting undue annoyance or embarrassment to a non-culpable party). This Court should also note that Defendant denies the factual allegations in the complaint and that the Plaintiff has not alleged sufficient facts to demonstrate an infringement.

    The Honorable Valerie E. Caproni took into account these risks in evaluating Plaintiff's motions requesting the same leave to file third-party subpoenas in two prior similar matters (*See Strike 3 Holdings LLC v. John Doe, subscriber assigned IP address 24.104.252.172,* Docket No. 18-cv-02648-VEC and *Strike 3 Holdings LLC v. John Doe, subscriber assigned IP address 72.229.60.79,* Docket No. 17-cv-09659-VEC), with the following conditions in place in the order to protect Defendant's anonymity:



Hon. Nelson S. Roman
May 2, 2019
Page 2

1. Defendant may proceed anonymously as "John Doe" in this action unless and until the Court orders otherwise.

2. Plaintiff may not initiate settlement discussions prior to service of the Complaint without leave of the Court. Nevertheless, if Defendant initiates such discussions, Plaintiff is permitted to participate therein and to settle the case.

3. Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its Complaint.

Copies of Judge Caproni's Orders in these cases are attached here as **Exhibit C.**

Accordingly, we request that the court amend the Order, dated April 9, 2019, to incorporate these same conditions in the interest of (a) protecting Defendant's anonymity (b) protecting against the false identification risk (c) avoiding the risks of coercive settlement given the nature of the copyrighted material at issue. A copy of a proposed amended order in this action is annexed hereto as **Exhibit D**.

Respectfully submitted,

Kara Steger

KMS/bh
Enclosures

*Copy*:   All by ECF

GSB:10195271.1